# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-50464
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

January 17, 2025

Lyle W. Cayce
Clerk

Avery Cato,

*Plaintiff—Appellant*,

*versus*

President Joe Biden; Vice President Kamala Harris;
Federal Bureau of Investigation, *Federal Law Enforcement*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:24-CV-274

_____

Before Stewart, Haynes, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Avery Cato, pretrial detainee # 907374, who is currently confined at the Hays County Jail in San Marcos, Texas, moves for leave to proceed in forma pauperis (IFP) in this appeal from the dismissal of his civil rights complaint. The motion is a challenge to the district court's certification that

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

The district court dismissed Cato's complaint on the grounds that it was duplicative and malicious because it was based on the same or similar claims that Cato had raised in a previously filed complaint that had been dismissed for failure to state a claim. Cato fails to address the district court's reasons for the dismissal of his complaint. Pro se briefs are afforded liberal construction. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed the decision. *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Because Cato has failed to challenge any factual or legal aspect of the district court's disposition of his claims or the certification that his appeal is not taken in good faith, he has abandoned the critical issue of his appeal. *See id*. Thus, the appeal lacks arguable merit. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. His motions to adjust docket, for a restraining order, for injunction pending appeal, and to provide due justice are also DENIED.

The district court's dismissal of Cato's complaint as malicious and this court's dismissal of this appeal as frivolous count as strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Cato is WARNED that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while

No. 24-50464

incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).